United States District Court
Southern District of Texas
**ENTERED**
March 23, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD HAWN and PAM HAWN, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-1238 |
| | § | |
| MEDTRONIC MINIMED, INC., | § | |
| MEDTRONIC, INC., UNOMEDICAL | § | |
| DEVICES S.A. de C.V., | § | |
| UNOMEDICAL A/S, CONVATEC, | § | |
| INC., and DOES 1–100, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This products liability case is before the Court on the Motion to Dismiss for

Lack of Prosecution filed by Defendants Medtronic MiniMed, Inc. and Medtronic,

Inc. (the "Medtronic Defendants") [Doc. # 26] (the "Medtronic Motion").  Also

before the Court is the Special Appearance Motion to Dismiss filed by Defendants

Unomedical Devices S.A. de C.V. ("Unomedical Devices") and Unomedical A/S

(the "Unomedical Defendants") [Doc. # 30] (the "Unomedical Motion").[1]

Plaintiffs Donald Hawn and Pam Hawn ("Plaintiffs") filed a Response [Doc. # 29]

---

[1]    All claims against Defendant Convatec, Inc. were voluntarily dismissed without
prejudice by Plaintiffs.  *See* Order [Doc. # 4].

to the Medtronic Motion ("Hawn Response"),[2] to which the Medtronic Defendants have replied [Doc. # 31].  The Motions both are ripe for determination.  After carefully considering the parties' briefing, all matters of record, and the applicable legal authorities, the Court **denies** the Medtronic Motion and **grants in part and denies in part** the Unomedical Motion.

## I.    BACKGROUND

Plaintiff Donald Hawn alleges that he used an insulin pump manufactured by Defendant Medtronic MiniMed, Inc. to manage his diabetes.  *See* Amended Complaint [Doc. # 12], at 8, ¶¶ 28, 30.  He claims that this pump malfunctioned on May 4, June 13, and June 19, 2013, and that these incidents caused serious injuries, including a seizure that allegedly resulted in a dislocated shoulder and broken bones.  *See id.*, at 9–10, ¶ 34.  The relationship of Plaintiff Pam Hawn to Plaintiff Donald Hawn is unclear from the record, but it appears that she was not a user of a product manufactured by Defendants.[3]

---

[2]    Plaintiffs have not filed a response to the Unomedical Motion.  The Unomedical Motion, in part, joins in the Medtronic Motion for the reasons stated in the latter Motion.  To that extent, the Court construes Plaintiffs' Response as opposition to both Motions.    The Court deems the balance of the Unomedical Motion unopposed.

[3]    The Amended Complaint requests damages for "loss of consortium," *see, e.g.*, Doc. # 12, at 17, ¶ 67, but does not specify that these damages are sought on behalf of Pam Hawn.

Plaintiffs filed this suit on May 5, 2014, and served the Medtronic Defendants on June 3, 2014. *See* Complaint [Doc. # 1]; Waivers of Service [Docs. # 7, # 8]. On July 1, 2014, Plaintiffs filed the Amended Complaint [Doc. # 12]. Two days later, Plaintiffs and the Medtronic Defendants stipulated that the case be stayed pending early settlement discussions. *See* Joint Stipulation to Stay Case Pending Early Settlement Evaluation [Doc. # 13]. The parties indicated in their motion that they needed approximately six months for these discussions. *See id.* The Unomedical Defendants had not yet been served nor had the Court held an initial conference with the parties. The Court entered an Order [Doc. # 15] on July 7, 2014, staying the case against the Medtronic Defendants and directing the parties to file status reports every 90 days. The first status report was due on October 5, 2014.

Plaintiffs perfected service on Unomedical A/S on July 10, 2014, *see* Waiver of Service [Doc. # 16], and the Court ordered the case stayed as to that Defendant on July 30, 2014. *See* Order [Doc. # 18]. Plaintiffs' attempt to serve Defendant Unomedical Devices has been unsuccessful. *See* Summons [Doc. # 19] (noting that the process server was unable to complete service on this corporation because it "basically only rents a mailbox" in Texas and appears to be based in Mexico).

The parties have filed only two status reports since this case was stayed more than nineteen months ago. The first status report was filed on October 6,

2014.  *See* Joint Status Report [Doc. # 20].  This report represented that Plaintiffs were preparing a settlement brochure to send to defense counsel within one week and that Plaintiffs would also provide defense counsel with certain discovery materials.  *Id.*, at 1.  Nine months later, on July 7, 2015, the Court entered an Order [Doc. # 23] directing the parties to file a joint status report by July 28, 2015 because the parties had failed to file any reports since October 2014.  Counsel for the Medtronic Defendants filed a letter [Doc. # 24] with the Court on July 15, 2015, in which he explained that he had been unable to contact Plaintiffs' counsel regarding joint submission of a status report.  Defense counsel further informed the Court that "[t]he parties have not been in communication and no further discussions have been held."  *Id.*  On July 28, 2015, counsel for Plaintiffs sent counsel for the Medtronic Defendants a settlement brochure, *see* Exhibit A to Hawn Response [Doc. # 29-1], and filed a status report.  *See* Plaintiffs' Settlement Status Report [Doc. # 25].  In this status report, Plaintiffs explained that they had conveyed their settlement offer to Defendants and confirmed that, on October 14, 2014, they had given to Defendants the discovery materials referenced in the October 2014 status report.  On August 4, 2015, the Medtronic Defendants rejected Plaintiffs' settlement demand.  *See* Exhibit 1 to Declaration of David T. Schulz in Support of Motion to Dismiss for Lack of Prosecution [Doc. # 27-1].[4]

---

[4]        There is no evidence Plaintiffs made any settlement demand to the Unomedical
(continued…)

The record for the Motion reveals that only three additional events have taken place in this litigation.  On October 26, 2015, counsel for the Medtronic Defendants wrote to counsel for Plaintiffs regarding a purported agreement that counsel for Plaintiffs would not retain a certain expert witness in this or twenty-one other similar actions.  *See* Exhibit B to Hawn Response [Doc. # 29-2].  On November 5, 2015, counsel for Plaintiffs wrote to counsel for the Medtronic Defendants to inform Defendants of his intent to bring twelve Medtronic MiniMed insulin pumps to a Medtronic MiniMed facility for testing.  The pumps described in the letter, which include the pump at issue in this case, are the subject of seven different lawsuits against the Medtronic Defendants.  *See* Exhibit C to Hawn Response [Doc. # 29-3].  Finally, on January 22, 2016, counsel for Plaintiffs wrote a similar letter to counsel for the Medtronic Defendants regarding the possibility of testing six pumps that are the subject of litigation, again including the pump at issue this case.  *See* Exhibit D to Hawn Response [Doc. # 29-4].[5]  Plaintiffs represent that, during the pendency of the Medtronic Motion, the parties tentatively

---

(continued…)
Defendants.

[5]   Plaintiffs state that their counsel is "currently involved in fifteen (15) other lawsuits filed against Defendants Medtronic MiniMed, Inc. and Medtronic, Inc. in various federal courts and in California state court."  Hawn Response [Doc. # 29], at 4.  The status of those other lawsuits is unclear from the record.

selected a date for the test Donald Hawn's pump.  *See* Hawn Response [Doc. # 29], at 5.

Unomedical Devices, on February 9, 2016, filed a special appearance in this Court to request dismissal of all claims against it for lack of service of process. Plaintiffs have not responded to the Unomedical Motion, despite expiration of the time to do so, and have not presented evidence of service on that Defendant.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.   Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."  This rule "expressly recognize[s]" a district court's "inherent power" to dismiss for lack of prosecution as part of "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

"Dismissal with prejudice . . . is an extreme sanction that deprives a litigant of the opportunity to pursue his claim."  *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980).  The Fifth Circuit permits a dismissal with prejudice for lack of prosecution only if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the

6

best interests of justice." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (noting that the test is conjunctive).  In most cases, at least one of three aggravating factors must be present: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay"; (2) "the degree of actual prejudice to the defendant"; and (3) "whether the delay was the result of intentional conduct."  *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (noting that the factors must "usually," but not "always," be found).

## III.  DISCUSSION

Defendants urge dismissal with prejudice because Plaintiffs have taken little action in this case during the nineteen months the matter has been stayed. Plaintiffs respond that certain items of correspondence demonstrate they have not neglected their responsibility to litigate their case.  The Court does not condone the paucity of action taken by the parties in this case, but dismissal with prejudice is inappropriate.  Significantly, there is no evidence before the Court to indicate that Plaintiffs, as distinguished from their counsel, are responsible for the delay.  No other aggravating factors are present to warrant dismissal with prejudice.

On the other hand, Plaintiffs' failure to serve Unomedical Devices despite nineteen months to do so, warrants dismissal of that party from this action.

A.   <u>**Rule 41(b) Analysis**</u>

The record does not reflect conduct sufficient to bring this case within the scope of Rule 41(b).  The Fifth Circuit has consistently recognized that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)).  The Fifth Circuit explained that dismissal with prejudice is reserved to cases of "egregious and sometimes outrageous delays" where "the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits."  *Id.*, at 327 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)).  The Court sees no such threat to the integrity of the judicial process in this case.  Plaintiffs timely filed the first status report on the first business day after the October 5, 2014 deadline.  Although Plaintiffs did not comply with the Court's Order to file subsequent status reports, they did timely respond to the Court's request for an update in July 2015.  There was not a total disregard of this case by Plaintiffs' counsel, although activity appears to have been insignificant.  Plaintiffs made a settlement offer and have twice requested that the Medtronic Defendants test the specific medical device in

8

issue.[6]  It appears that, after the Medtronic Motion was filed, Plaintiffs and the Medtronic Defendants agreed on a date for this test.  *See* Hawn Response [Doc. # 29], at 5.  While the Court does not condone Plaintiffs' counsel's delay in pursuing this matter, the case is not characterized by "total inactivity."

Defendants have not identified any of the aggravating factors as present in this case, nor could the Court find any on the present record.  First, the record contains no indication that Plaintiffs Donald and Pam Hawn, "as distinguished from their counsel," caused the delay.  Second, Defendants have not explained what cognizable "actual prejudice" they will suffer without dismissal with prejudice.  Third, there is no indication that the delay was "intentional."  The Fifth Circuit has stated that it is unusual for a Rule 41(b) dismissal to be appropriate where none of these three factors is present.  *Sealed Appellant*, 452 F.3d at 418. The circumstances presented do not make this an "exceptional case."

Less severe measures, moreover, serve the interests of justice here.  The case was stayed and administratively closed to permit the parties to engage in settlement discussions.  Although the parties were instructed that they could "jointly move to reinstate this case at any time," Order [Doc. # 15], no party requested that step.

---

[6]     Plaintiffs' counsel requested the testing of other similar devices at the same time. There is no indication that the Medtronic Defendants agreed to the requested test prior to filing their motion.

The Court denies the Medtronic Defendants' Motion.  Instead, the case will be reopened and litigation will proceed on Plaintiffs' claims.  In the interests of justice, discovery and other proceedings will be permitted to continue.  Because this case has languished, however, the Court will impose an accelerated discovery schedule.  This remedy balances Plaintiffs' interest in litigating their claims with Defendants' interest in a timely resolution of the dispute.

### B.      Rule 12(b)(5) Analysis

Unomedical Devices has moved pursuant to Federal Rules of Civil Procedure 4 and 12(b)(5) for dismissal of the claims against it on the grounds that Plaintiffs have not completed service of process on it.   A motion under Rule 12(b)(5) is the proper way to challenge "the mode of delivery or the lack of delivery of the summons and complaint."   5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (footnote omitted) (cited in *PCM Sales, Inc. v. Quadbridge, Inc.*, Civ. A. No. 3:14-cv-2806-L, 2016 WL 407300, at *2 (N.D. Tex. Feb. 3, 2016)); FED. R. CIV. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process.").  Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior*

*Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Blankenship v. United States*, No. Civ. A. 04-0041, 2004 WL 4986557, at *3 (S.D. Tex. Oct. 15, 2004). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1996); *Randolph v. E. Baton Rouge Par. Sch. Bd.*, Civ. A. No. 15-654-SDD-EWD, 2016 WL 868230, at *1 (M.D. La. Mar. 3, 2016).

The Court concludes that Plaintiffs' failure to serve Unomedical Devices during the nineteen months since the case was filed is inexcusable. Indeed, Plaintiffs inexplicably have not responded to the Unomedical Motion. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. *See* S.D. TEX. R. 7.3, 7.4. The Court therefore **grants** the motion to dismiss Unomedical Devices for lack of service.[7]

## IV.  <u>CONCLUSION</u>

Based on the foregoing, the Court holds that Plaintiffs have not been so derelict in prosecuting this lawsuit that dismissal of claims with prejudice is

---

[7]     The Court notes that a dismissal without prejudice operates as a dismissal with prejudice where an applicable statute of limitations bars the plaintiff from refiling her claim. *See Sealed Appellant*, 452 F.3d at 417 n.2 (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). The parties, however, have not indicated which state's law or limitations periods are applicable to Plaintiffs' claims against Unomedical Devices.

appropriate.  The period requested for settlement discussions has long expired. There is no longer any need for a stay.  Plaintiffs are directed to pursue their claims diligently and expeditiously in accordance with a schedule to be set at a pretrial conference.  It is therefore

**ORDERED** that this case is hereby **REACTIVATED** on the Court's docket.  It is further

**ORDERED** that Defendants Medtronic MiniMed, Inc. and Medtronic, Inc.'s Motion to Dismiss for Lack of Prosecution [Doc. # 26] is **DENIED**.  It is further

**ORDERED** that Defendants Unomedical Devices S.A. de C.V. and Unomedical A/S's Special Appearance Motion to Dismiss [Doc. # 30] is **GRANTED** to the extent it seeks dismissal of Unomedical Devices S.A. de C.V. for lack of service of process and **DENIED** to the extent it seeks dismissal of claims against Unomedical A/S for lack of prosecution.  All claims against Unomedical Devices S.A. de C.V. are **DISMISSED without prejudice**.  It is further

**ORDERED** that a pretrial conference is scheduled for **March 30, 2016 at 12:00 p.m.**  It is further

**ORDERED** that the parties must show cause why all discovery in this case should not be completed by **September 30, 2016**.  It is further

**ORDERED** that the parties must submit by **noon** on **March 29, 2016**, a Joint Report/Case Management Plan in the form appended to the Court's Procedures published on the Southern District of Texas website.

SIGNED at Houston, Texas, this  23rd  day of **March, 2016**.


_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

13